UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RONALD E. TILLEY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) 1:11-cv-00210-JAW |
| MAINE STATE PRISON, | ) |
| Respondent. | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PEITION**

After having a 28 U.S.C. § 2254 petition dismissed without prejudice last year, see Tilley v. Warden, Me. State Prison, 1:10-cv-118-JAW, 2010 WL 2757349, 1 (D. Me. July 12, 2010), because he had not yet exhausted his state post-conviction process, Ronald Tilley has returned to this court with a new § 2254 petition which reiterates his prior claims and procedural history. Tilley also challenges his lack of redress on a Maine Rule of Civil Procedure 60(b)(6) motion attacking the underlying civil protection orders that led to his detention premised on a probation revocation for a violation of a temporary protection order. Tilley asserts that probation and police officers illegally searched his home, his cell phone, and his person. This is not a new refrain, but Tilley has changed tactics in terms of the attack on his conviction. Tilley's current theory is that the state court lacked subject matter jurisdiction over him when it originally imposed the protection orders, temporary and final, in July 2008. (Rule 60(b)(6) Mot., App. F, Doc. No. 13.) In August 2008 Tilley was sentenced for his probation violation after admitting a violation of the protection order, and after he pled guilty to new criminal charges that also formed the basis of the probation revocation proceeding. Tilley has also unsuccessfully pursued federal civil rights litigation over this criminal proceeding, see Tilley v. Keefer, 1:10–cv–00066–

JAW, 2011 WL 2491113, 1 (D. Me. June 22, 2011), and concedes that his claims in that litigation mirror those in his habeas claims. In his final paragraph of his reply memorandum Tilley summarizes his anticipated relief: "Wherefore, based on the foregoing reasons and the record … the State Tr[ial] Court lacked jurisdiction to impose the protection order, and, since everything stemmed from the order, Petitioner's conviction must be vacated." (Reply Mem. at 2.)

## DISCUSSION

*Procedural History*

The State summarizes the complete procedural history of Tilley's travels in the state courts in its answer to the current petition and details his forays into the federal courts related to his current incarceration. (Answer at 1-7.)

With respect to the basics, Tilley was sentenced in January 2006 on his *nolo contendere* plea convictions to counts with two criminal docket numbers including an aggravated assault charge, one of two counts of assault, and a terrorizing charge.[1] The State dismissed other related charges. In 2008 Tilley was on probation and on July 25, 2008, Tilley's probation officer filed a motion for probation revocation in both of his two state proceedings alleging that Tilley engaged

---

[1] The two criminal dockets are summarized as follows:
CR-05-876:
    a. aggravated assault - a seven year term of imprisonment in the custody of the Department of Corrections, with all but two years and six months suspended, to be followed by a three year period of probation with special conditions;
    b. assault – a concurrent nine month term of imprisonment; and
    c. terrorizing – a concurrent nine month term of imprisonment.
CR-05-947:
    a. tampering with a witness - a seven year term of imprisonment in the custody of the Department of Corrections, with all but two years and six months suspended, to be followed by a three year period of probation with special conditions;
    b. violation of condition of release (8 counts) – a concurrent two year term of imprisonment; and
    c. violation of a protection order (8 counts) – a concurrent six month term of imprisonment.
(Answer at 2-3.)

in new criminal conduct by violating a protection order. On July 29, 2008, Tilley entered denials to the allegations in the motion at his initial appearance. On August 1, 2008, Tilley's probation officer filed a second motion for probation revocation in both docket numbers CR-05- 876 & 947 alleging that Tilley again engaged in new criminal conduct related to the escape conviction that is not at issue here. The Superior Court issued full revocations of the periods of probation that had been imposed in CR-05-876 & 947 and ordered Tilley to serve the entire four-year six-month terms of imprisonment that had previously been suspended. On the new escape conviction (CR-08-752), the court imposed a one year term of imprisonment, to be served consecutively to the terms of imprisonment imposed in CR-05-876 & 947. On the new violation of a protection order conviction (CR-08-753), the court imposed a concurrent 364-day term of imprisonment.[2] The total period of imprisonment was 66 months and Tilley remains incarcerated. The Law Court rebuffed Tilley's discretionary appeal from the probation revocation determination on December 11, 2008, (Tilley v. State Maine, PEN-08-529) and also refused to entertain his plea for post-conviction relief that was part-and-parcel of his post-conviction petition on the new criminal charges (Tilley v. State of Maine, BANSC-CR-2008-01164). Tilley ultimately withdrew that petition on December 7, 2010.[3]

---

[2] The State does point out that Tilley would still be facing custody under the consecutive state court conviction for escape if he was able to get federal relief on this habeas claim.

[3] At the time of Tilley's first petition filed with this court in 2010 that state post-conviction was still pending, although the state court had refused to entertain post-conviction pleadings in connection with the probation revocation and was proceeding only on the new charges. As the State of Maine pointed out to this court at that time, that claim would not be fully exhausted until Tilley attempted to obtain discretionary review of whatever the final outcome was regarding the entire post-conviction proceeding, including the refusal to entertain the probation revocation in the context of the post-conviction proceeding. Tilley's withdrawal of that petition perhaps explains why he chooses to rely primarily on the Rule 35 and the Rule 60(b) rulings in the context of this petition. Those claims are both exhausting and exhausted in the sense that Tilley brought them and tried to get them heard in the state courts. Essentially it appears that Tilley's counsel tried to use Rule 35 in the context of the probation revocation proceeding to raise the Fourth Amendment issue, but was quickly rebuffed by the Law Court. (See State App. D, "Memorandum in Support of Certificate of Probable Cause," filed October 7, 2009.) Tilley originally filed that Rule 35 motion *pro se*, as an end-run challenging the state post-conviction court's failure to entertain his post-conviction action regarding the probation revocations as part of the then pending post-conviction challenge.

The Court is well aware of the procedural history in this venue with regards to Tilley's attempts to seek federal relief from the state probation revocation determination, as summarized in the opening paragraph. He has previously presented a 28 U.S.C. § 2254 petition and fully litigated a 42 U.S.C. § 1983 complaint. Tilley's first § 2254 petition was dismissed without prejudice, but Tilley's second approach to securing federal review should be dismissed with prejudice for the reasons that follow.

*Merits of Tilley's Current Federal Habeas Petition*

It seems to be Tilley's theory in this current round of litigation over his guilty-plea conviction that he is free to pursue his challenge because there was a lack of subject matter jurisdiction by the state court when it entered civil judgment in July 2008 on complaints for protection from abuse filed by Barbara Foster. Tilley filed a motion in state court pressing this theory in December 2009 pursuant to Maine Rule of Civil Procedure 60(b)(6). (See State App. F.) Tilley has filed a copy of the motion he apparently filed in the Bangor District Court on December 14, 2009, seeking Rule 60(b) relief from the final judgment that entered in the civil protection from abuse proceeding which contains a judge's handwritten notation that the motion is "moot." In any event, Tilley's theory appears to be that the state court did not have the authority to enter the original civil protection order and hence the entire house of cards must fall. He could not be convicted of a new criminal offense or have his probation revoked based upon this void or voidable order, according to Tilley's current worldview; his guilty pleas are simply a nullity and this court should overlook them and go back to basics, reviewing the merits of the civil protection orders. Apparently Tilley now believes he was legally free to engage in self-help by ignoring the order and violating it, as he chose to do.

4

Tilley's second volley, reiterating his previously dismissed civil lawsuit is that he firmly believes that it was impermissible for law enforcement to justify the incriminating search as one done pursuant to probation supervision rather than one sought through the search warrant process. There are two manifest obstacle's to Tilley's most recent quest for 28 U.S.C. § 2254 relief although it is clear that Tilley is unlikely to accept this writing on the wall. It is entirely unnecessary to repeat the discussion of the procedural hurdles Tilley has not surmounted in order to get him through the gateway of § 2254 review of his probation revocation judgment related to this search. Suffice it to say that Tilley pled guilty to both new criminal conduct and to the probation revocation charges and nothing in the state court record presents any viable procedural challenge to those criminal convictions.

Second, even if Tilley could overcome the procedural hurdles, his requested path to "immediate release" is blocked by the simple United States Supreme Court directive that Fourth Amendment claims challenging state court suppression issues are impervious to 28 U.S.C. § 2254 review. See Stone v. Powell, 428 U.S. 465, 482 (1976).[4] This rule applies given the posture of Tilley's state court revocation proceedings, his ability to challenge the search in the revocation proceedings or the new criminal charges had he chosen to take that route, and the aftermath of state court review.

In his Maine Rule of Civil Procedure 60(b)(6) motion to the District Court in Penobscot County Maine, Tilley presented the argument that the Court had no jurisdiction to impose either the temporary or final protection orders in July 2008. (See State App. F.) Tilley has made it perfectly clear in his reply that his current 28 U.S.C. § 2254 petition is partially premised on his inability to obtain Maine Civil Rule of Procedure 60(b)(6) relief apropos this civil proceeding for

---

[4] As the State points out, Tilley has not further pursued ineffective assistance of counsel claims relating to his guilty-plea conviction.

protection from abuse in the Bangor District Court before Judge Gunther. (Reply at 1.) Moving under the rules of civil procedure for relief from a criminal judgment and seeking release from his confinement is entirely frivolous in this context and is certainly not a springboard for federal habeas review.[5] There is no authority I know of, and none cited by Tilley, which would give this court jurisdiction to review and set aside as void, a final civil judgment entered in state court in the context of a habeas review of a criminal conviction. That Tilley's criminal conviction ultimately rested at least in part upon the now challenged state court civil judgment is of no moment in terms of this court's habeas review of the criminal convictions. Tilley attempts to give new meaning to the words "collateral attack" on a criminal judgment. He simply cannot use 28 U.S.C. § 2254 to attack a civil judgment which has become a final judgment in the state court. The United States District Court is not an appeals court in which one tests the sufficiency of the evidence underlying a protection from abuse order entered by a state court properly exercising jurisdiction over the subject matter and the person of Tilley. Tilley's petition must fail.

## CONCLUSION

For the reasons stated above, I recommend that the Court deny Tilley 28 U.S.C. § 2254 relief with prejudice. I further recommend that a certificate of appealability should not issue in the event Tilley files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[5] This is not the same thing as seeking Civil Rule 60(b) relief from a habeas judgment based on some alleged impropriety in the habeas proceeding.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 5, 2011                    /s/ Margaret J. Kravchuk
                                   U.S. Magistrate Judge